IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEVONTE KING, freeman and prosecutor;<br><br>    Plaintiff,<br><br>  vs.<br><br>GRANT MOODY, Trp; N SHAATHOFF, Trp; BRAD HAYS, Trp; REED, Trp #590; and AURORA POLICE DEPARTMENT WRONGDOER(S),<br><br>    Defendants. | 4:21CV3119<br><br>MEMORANDUM AND ORDER |

  Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

  Plaintiff's Complaint (Filing 1) and supplements thereto (Filings 6, 7, 8) allege that Defendant law-enforcement officers Moody, Shaathoff, Hays, and Reed "falsely arrested" him after using a "false emergency" to perform a traffic stop on June 15, 2021, after which the officers wrongfully impounded his car (which also serves as his family's home), and left him and his family on the side of the road. Plaintiff claims the officers "robbed" him of his vehicle and "threatened [him] with false arrest" for "using the public highway in a commercial capacity." (Filing 7 at CM/ECF pp. 1, 5.) Plaintiff accuses Defendants of holding his car "ransom" and refusing to return his property to him unless he presents identification, a valid driver's license, proof of vehicle ownership, proof of valid automobile insurance,

$225.00 in cash for towing costs, and storage fees. (Filing 1 at CM/ECF p. 8; Filing 7 at CM/ECF p. 4.)

Plaintiff claims, "I do not claim to be a citizen I do not claim to have civil rights I am just a free man." (Filing 1 at CM/ECF p. 4.) Because he is "inherently free," he does not believe he "should have license registration and insurance just to travel from point a to point b." (Filing 1 at CM/ECF p. 3.) He claims that complying with the officers' demands in order to get his car back would be giving up his "right to life liberty and the pursuit of happiness and contract my property with the dmv with is Involuntary servitude." (Filing 1 at CM/ECF p. 2.)

Plaintiff charges Defendants with violations of the Fourth Amendment (false arrest, impoundment of vehicle), Fourteenth Amendment (deprivation of property without due process of law), Fifth Amendment (Takings Clause), trespass, forgery, robbery, and extortion. The body of Plaintiff's Complaint and supplements accuse the City of Aurora of being liable for the individual police officers' actions and Governor Pete Ricketts of "aiding and abetting the violations." The Plaintiff also wishes to add the State of Nebraska as a defendant. (Filing 6 at CM/ECF p. 2; Filing 7 at CM/ECF p. 5; Filing 8 at CM/ECF p. 1.) Plaintiff requests $200,000 in damages and the return of his car. (Filing 6.)

The court takes judicial notice that there is a pending criminal case resulting from the above-described incident in the County Court of Hamilton County, Nebraska, CR-21-220.[1] In that case, Plaintiff was charged with misdemeanor counts of no proof of financial responsibility, no valid registration, and no operator's license. (Complaint dated June 28, 2021, for events of June 15, 2021.) Plaintiff was found guilty on all counts and fined accordingly. (Journal Entry and Order dated Aug. 10, 2021.) The Hamilton County District Court affirmed Plaintiff's conviction,

---

[1] The court may take judicial notice of judicial opinions and public records and include them in its consideration of a case. *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005). Nebraska's judicial records may be retrieved online through the JUSTICE website, https://www.nebraska.gov/justice.

rejecting Plaintiff's argument that "the rules of the road are not applicable to him as the State is without authority to regulate him, a non-commercial driver," and noting that "the State has a right to regulate the usage of its public highways."[2] (District Court Order dated Oct. 12, 2021.) On November 1, 2021, Plaintiff filed a Notice of Appeal in the Hamilton County District Court to the Nebraska Court of Appeals.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

---

[2] The Hamilton County District Court described the facts as follows:

The facts of the matter are largely undisputed. On June 15, 2021, Trooper Grant Moody of the Nebraska State Patrol was on patrol in Hamilton County, Nebraska, and positioned at the Aurora, Nebraska, interchange of Interstate 80. On the date in question, Trooper Moody was patrolling westbound on Interstate 80 at mile marker 330 in Hamilton County, Nebraska. Moody testified that he observed a red Toyota Corolla travelling westbound. As the vehicle passed Moody, Moody noticed that it did not have a visible front or rear license plate.

Trooper Moody initiated his emergency lights and initiated a traffic stop. Trooper Moody identified the driver of the vehicle as the defendant, Devonte King. Also inside the vehicle were Mr. King's wife and children.

Trooper Moody requested Mr. King to provide his license, registration and proof of insurance. Mr. King did not provide any of these items and told Moody that he was on private property and did not have to. Trooper Moody ran the vehicle identification number of the vehicle and determined that Devonte King was an owner. Mr. King also provided the trooper with a document showing his ownership.

At trial, Mr. King . . . . provided a photo of his vehicle which has attached three bumper stickers, one of which reads "Private Property. No Trespassing."

3

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The premise of Plaintiff's Complaint is that Nebraska laws requiring proof of financial responsibility, vehicle registration, and an operator's license in order to drive a vehicle do not apply to him, and he should not be subject to consequences for breaking such laws—commonly known as a "sovereign citizen" claim based on the idea that statutes and laws do not apply to him as a sovereign citizen. As Plaintiff has been ***repeatedly*** advised in prior cases, sovereign-citizen claims and arguments are routinely rejected as frivolous. *King v. Allison*, No. 4:21CV3053, 2021 WL 2778558, at *2 (D. Neb. July 2, 2021) (noting "misguided" sovereign-citizen argument regarding issuance of traffic citation to plaintiff for not having valid vehicle registration, proof of insurance, or driver's license); *King v. Allison*, No. 4:21CV3052, 2021 WL 1820478, at *2 (D. Neb. May 6, 2021) (same); *King v. Smith*, No. 4:21CV3060, 2021 WL 1820484, at *2 (D. Neb. May 6, 2021) (same); *King v. Turnbull*, No. 4:21CV3003, 2021 WL 1293307 (D. Neb. Apr. 7, 2021) (dismissing as frivolous sovereign-citizen claim challenging state requirement of having operator's license to drive vehicle). *See also United States v. Jagim*, 978 F.2d 1032,

1036 (8th Cir. 1992) (referring to the sovereign-citizen argument as "completely without merit, patently frivolous and . . . rejected without expending any more of this Court's resources"); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting "sovereign citizen" as a status); *Hansen v. Nebraska*, No. 8:20CV203, 2020 WL 3100101, at *2 (D. Neb. June 11, 2020) (premise of plaintiff's claims that he is not subject to state law or authority has been repeatedly rejected as frivolous; collecting cases); *Reed v. Jones*, No. 4:21CV3051, 2021 WL 2913023, at *3 (D. Neb. July 12, 2021) ("sovereign citizen" argument that motor-vehicle registration and licensing laws do not apply to plaintiff rejected as frivolous); *Meyer v. Pfeifle*, No. 4:18-CV-04048, 2019 WL 1209776, at *5 (D.S.D. Mar. 14, 2019), *aff'd,* 790 F. App'x 843 (8th Cir. 2020) "[the plaintiff's] allegations regarding rights as a 'sovereign citizen' are frivolous and fail to state a claim"); *Yisrael-Bey v. O'Toole*, No. 4:17-CV-2631, 2018 WL 10425462, at *1 (E.D. Mo. Feb. 5, 2018) (plaintiff's Fourth Amendment false arrest and false imprisonment claims were frivolous when plaintiff claimed that neither state nor federal government had ability to bring criminal charges against her; "Arguments based on the 'sovereign citizen' or 'private citizen' movement cannot establish subject matter jurisdiction in this action under the Fourth Amendment.").

Accordingly, Plaintiff's claims will be dismissed as frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))). Plaintiff will not be granted leave to amend his Complaint because such amendment would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile"); *Filipe v. FBI*, No. 8:18CV215, 2018 WL 11249338, at *1 (D. Neb. June 1, 2018) ("the court will dismiss this action

as frivolous and with prejudice as the defects in the Complaint cannot be remedied through more specific pleading").

IT IS ORDERED:

1. This case is dismissed without prejudice as frivolous.

2. Judgment shall be entered by separate document.

DATED this 17th day of November, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge